## Commonwealth v. Schumann

*Samuel F. Bonavita,* District Attorney, for Commonwealth.

*William M. Hill,* for defendant.

FLICK, JR., P. J., November 8, 1965. — After being tried before a justice of the peace and found guilty of violation of section 1001 of The Vehicle Code of April 29, 1959, P. L. 58, reckless driving, defendant filed a petition for allowance of writ of certiorari in the court of common pleas, alleging that he was unfairly tried in that he was not given the opportunity to crossexamine witnesses for the Commonwealth, and also that defendant's father, who was not an attorney but who represented defendant at the hearing because the defendant was 17 years of age on the date of the alleged

violation, had no opportunity to crossexamine Commonwealth witnesses.

Section 1203.1 of The Vehicle Code provides as follows:

"Any person over the age of sixteen years charged with the violation of any provisions of this act constituting a summary offense, shall have all the rights and may be prosecuted under the provisions of this act in the same manner as an adult, except that no jail sentence shall be imposed on any person under eighteen years of age for failing to pay any fine imposed in the summary conviction, but if any such person fails to pay the fine, notice of such fact shall be certified to the juvenile court having jurisdiction over such person."

While it may be perfectly natural for a father to try to help his son in connection with an alleged violation of The Vehicle Code when the son is 17 years of age, under the foregoing section defendant is to be prosecuted as an adult and should be represented by an attorney. In this case, the failure of defendant and his father to understand the proper procedure to be followed in a trial before a justice of the peace undoubtedly led to the matter complained of. While the court has considerable doubt as to whether a writ of certiorari should be granted, the district attorney has no objection to a hearing de novo before the court of quarter sessions inasmuch as defendant and his father feel that defendant did not have a fair trial.

Therefore, judgment of sentence by the justice of the peace is set aside and a hearing de novo will be allowed, and the court makes the following order:

And now, November 8, 1965, for the reasons stated in the foregoing opinion, it is hereby ordered that the judgment of sentence against John L. Schumann by Justice of Peace Ruth Mills is set aside and a hearing de novo on violation of section 1001 of The Vehicle Code in the court of quarter sessions is allowed, and the same is scheduled for hearing December 3, 1965, at 2 p.m.